IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

|  |  |  |
|---|---|---|
| DAWN HALL, as administrator of the Estate of Jeremy Hall, Deceased, *et al.*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  3:25cv01040 |
| CHADWICK DOTSON, *et al.*, | ) ) | |
| Defendants. | ) ) / | |

DEFENDANTS' REPLY MEMORANDUM IN FURTHER
SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

Defendants Kevin Allen, Joseph Walters,[1] Kevin McCoy, David Robinson, and Dara

Watson state in support of their motion to dismiss the complaint of Plaintiffs Dawn Hall and

Anthony Kellam:

ARGUMENT

The complaint should be dismissed for lack of subject matter jurisdiction.  If the Court

determines that it has subject matter jurisdiction over all or some of the claims, the complaint

nonetheless should be dismissed for failure to state a claim.

I.

Neither Plaintiff Has Article III Standing

Plaintiffs bear the burden of showing that they have standing to sue each of the

---

[1] Joseph Walters replaced Chadwick Dotson as the Director of the Virginia Department of
Corrections on January 17, 2026.  Under Rule 25(d), a public "officer's successor is
automatically substituted as a party."  The Rule further states that "[t]he court may order
substitution at any time, but the absence of such an order does not affect the substitution."

defendants.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 336 (2016).  Plaintiffs have not met their burden.

### A.  The Estate Lacks Standing

Plaintiffs concede that the Estate lacks standing.  (ECF 10 pp.1-2).  They appear to argue that the Estate may nonetheless proceed so long as at least one plaintiff has standing.  This is not the law.  In support of their argument, Plaintiff's rely on *Bostic v. Schaefer*, 760 F.3d 352, 370-71 (4th Cir. 2014).  In *Bostic*, each plaintiff had established standing as against at least one defendant, and, accordingly, each had standing.[2]  It was not necessary that each plaintiff establish standing as to all defendants.  Here, by contrast, the Estate has not established that it has standing against any defendant.  Because the Estate lacks standing, its claims should be dismissed for lack of subject matter jurisdiction.

### B.  Officer Kellam Lacks Standing

Kellam argues that he has standing on the basis of a fear of future retaliation.  To establish standing on the basis of a fear or threat of future harm, the "threatened injury must be *certainly impending* . . . and "allegations of *possible* future injury are not sufficient."  *Clapper v. Amnesty Int'l*, 568 U.S. 398, 409 (2013) (emphasis in *Clapper*) (internal quotation marks and citations omitted).  "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific, present, objective harm or a threat of specific future harm."  *Laird v. Tatum*, 408 U.S. 1 (1972).

Kellam has not shown a threatened injury that is "certainly impending."  In opposition to

---

[2] The other cases cited by Plaintiffs do not support his argument.  In *Disability Rights S.C. v. McMaster*, 24 F.4th 893, 900 (4th Cir. 2022), the Fourth Circuit concluded that the Appellees lacked standing and remanded the case to the district court with instructions to dismiss them from the case.  *Brockington v. Boykins*, 637 F.3d 503, 506-07 (4th Cir. 2011), does not address the issue of standing.

the motion to dismiss, he argues that he has satisfied the injury-in-fact requirement by alleging that the disciplinary action taken against him chills his future "reporting and cooperation concerning safety and emergency events." (ECF 10 p.3).  It is implausible, however, that Kellam's discipline alleged here would chill his reporting and cooperation concerning safety and emergency events.  According to his complaint, Kellam was disciplined *not* for cooperating with investigators but for just the opposite: refusing to answer questions by the Special Agent investigating an inmate's death and stating he would obtain counsel.  He was not disciplined for reporting an inmate's distress.  Kellam's discipline for having delayed an OLES investigation is not logically connected to his purported fear of retaliation under the very different circumstances of reporting inmates in distress.  Moreover, Kellam's claimed fear is not "certainly impending" as required to establish standing.  It rests on the possibilities that (1) Kellam will be involved in a serious incident requiring investigation by OLES, (2) Kellam, in violation of his employer's policy, will refuse to cooperate with the investigation until he obtains a lawyer, and (3) Kellam will be disciplined for refusing to cooperate with the investigation and stating he will obtain a lawyer.  There is no threatened injury, much less one that is certainly impending.[3]  Kellam's speculative fear is insufficient to support standing.  His claims must be dismissed.

With respect to the second element of standing, Plaintiffs have not shown that Kellam suffered an injury traceable to the conduct of any Defendant other than Allen.  Article III standing "must be evaluated separately as to each defendant." *Disability Rights S.C. v. McMaster*, 24 F.4th 893, 900 (4th Cir. 2022) (citation omitted).  "A plaintiff's injury satisfies the

---

[3] Kellam misleadingly states that Defendants' "memorandum acknowledges that Kellam was instructed to continue count that no response would be initiated, and that the inmate died later that day." (ECF 10 p.3) (without citation).  Defendants dispute these allegations, but as required under the standards for a facial challenge under Rule 12(b)(1) and a motion to dismiss under Rule 12(b)(6), they accept well pled allegations as true.  (ECF 8 p.2).

traceability element of standing when there is a causal connection between the injury and the defendant's conduct complained of by the plaintiff." *Id.* at 901. Kellam has not connected his injury to the conduct of anyone other than Allen or to VDOC policies generally. He has failed to establish the traceability requirement with respect to his claims against Walters, McCoy, Robinson, or Watson.

With respect to the final element of standing, Kellam's redressability problem is not resolved by his argument that an order "prohibiting emergency-disregard directives and retaliatory discipline is directly redressive." (ECF 10 p.5). This argument ignores the fact that redressability is inexorably linked to the specific injuries claimed. *See FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024) (noting that the third element of standing requires "that the injury likely would be redressed by the requested judicial relief") (citation omitted). Kellam has not claimed injury to himself as a result of alleged instructions to continue count. Therefore, an injunction prohibiting such orders would not redress an injury suffered by Kellam. As to Kellam's second proposed remedy, Plaintiffs have not sought an order prohibiting retaliatory discipline. A "complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." *Rowe v. Clarke*, No. 3:18cv00780, 2020 U.S. Dist. LEXIS 11749, at *10-11 (E.D. Va. Jan. 22, 2020) (internal quotation marks and citations omitted). Kellam has failed to satisfy the redressability element of standing. Accordingly, his claims should be dismissed.

II.

<u>Plaintiffs Fail to State a Claim for Relief</u>

Plaintiffs' opposition to the motion to dismiss does not overcome the fatal defects of their attempt to plead a claim for violation of substantive due process under the state-created danger doctrine or one for retaliation.

The state-created danger doctrine "applies where (1) the state actor directly 'created or increased the risk' of the harm to the victim and (2) 'did so directly through affirmative acts.'" *Callahan v. N.C. Dep't of Pub. Safety*, 18 F.4th 142, 146 (4th Cir. 2021). In response to the motion to dismiss, Kellam argues that "an affirmative supervisory directive to disregard a reported emergency" constituted the affirmative state action and that the harm was the death of an inmate. (ECF 10 p.6). Kellam has not claimed that he was harmed by the alleged orders to continue count. Instead, his claim depends on the harm caused to another, in this case, the inmate. Kellam, however, does not have standing to assert the legal rights or interests of a third party. *See Trump v. CASA, Inc.*, 606 U.S. 831, 866 (2025) (Alito, J., concurring). If Kellam's "core theory" of a state-created danger depends on harm to a third party, he lacks standing to assert the claim, and the claim must be dismissed.[4]

Kellam has not otherwise identified affirmative acts or pled facts showing that a state actor directly created or increased the risk of the harm to a plaintiff. He has failed to state a

---

[4] Plaintiffs incorrectly stated that "Defendants cite *Slaughter* and *Collins* as workplace safety limits." (ECF 10 p.7). Although Defendants did not cite either case, both reinforce the difficulty of stating a claim under the state-created danger doctrine. *See Slaughter v. Mayor of Baltimore*, 682 F.3d 317, 323 (4th Cir. 2012) (refusing "to constitutionalize a state tort claim"); *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992) (holding that even though allegations may have shown deliberate indifference, the government employer's conduct was not arbitrary or conscience-shocking in a constitutional sense and therefore would not support a substantive due process claim).

substantive due process claim under the state-created danger doctrine.  Accordingly, this claim must be dismissed.

Kellam's retaliation claim must also be dismissed.  Neither Plaintiff's complaint nor his response to the motion to dismiss identifies a single instance of any defendant's alleged retaliation against officers for raising safety concerns.  At most, Kellam claims that he was retaliated against for refusing to cooperate with an OLES investigation into an inmate's death and stating that he was obtaining a lawyer.  Plaintiff claims that his "statement about seeking counsel during an investigation into an inmate's death . . . is inherently a matter of public concern."  (ECF 10 p.9).  Plaintiff has not, however, shown how his statement concerned anyone other than himself.  On the contrary, Plaintiff's statement and refusal to respond to the Special Agent for three days impeded the ability of law enforcement to address a matter of public concern, the death of an inmate.

Plaintiffs have failed to state a claim for violation of substantive due process or retaliation.  Their claims should be dismissed.

<u>Conclusion</u>

The complaint should be dismissed.

Respectfully submitted,

/s/
D. Patricia Wallace, SAAG, VSB #92964
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-786-2912; Fax: -4239
E -mail:  pwallace@oag.state.va.us
(*Counsel for Named Defendants*)

6

CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice to Timothy V. Anderson, counsel for Plaintiffs.

By:    /s/
D. Patricia Wallace, SAAG, VSB #92964